O

# United States District Court
# Central District of California

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>WEST COAST BORING, INC., a California corporation,<br><br>       Defendant. | Case No. 2:19-cv-06546-ODW (PLAx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [24]** |

## I.   INTRODUCTION

Plaintiffs brought suit against Defendant for delinquent contributions. Plaintiffs moved for default judgment, which the Court granted in part and denied in part. (*See* Order Granting in Part and Den. in Part Mot. for Default J. ("Order"), ECF No. 22.) Plaintiffs now move for reconsideration of the Court's Order ("Motion"). (Mot. for Recons. ("Mot."), ECF No. 24.) For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Fund for Construction Industry Advancement, Engineers Contract Compliance Committee Fund, Contract Administration Fund, Southern California Partnership For Jobs Fund, and Operating Engineers Workers Compensation Trust (collectively, "Plaintiffs" or "Trust Funds") initiated this action against Defendant West Coast Boring, Inc. ("WCB") for breaches of the collective bargaining agreement ("CBA") between Local Union 12 ("Local 12") and WCB, and the Principle Employee Program Participation Agreement (the "PEPPA") between WCB and its principle employee, Robert Sanders. (*See* Compl., ECF No. 1.) Specifically, Trust Funds alleged that WCB failed to pay contributions to a multiemployer plan from September 2018 through February 2019 and failed to provide monthly reports from April 2019 through January 2020, in violation of the CBA. (Compl. ¶¶ 17–18.) Trust Funds further alleged that WCB failed to pay flat rate contributions on behalf of Sanders for work performed during the months of September 2018 through June 2019, in violations of the PEPPA. (Compl. ¶ 20.)

WCB failed to respond to Trust Funds' complaint and Trust Funds moved for default judgment. (Mot. for Default J., ECF No. 16.) The Court granted in part and denied in part Trust Funds' Motion for Default Judgment. (*See* Order.) Specifically, the Court granted default judgment and awarded $17,915.40 for delinquent fringe benefit contributions, as well as interest and liquidated damages. (Order 10.) However, the Court declined to award $3252.90 in delinquent contributions because Trust Funds did not seek these damages in the complaint. The Court also declined to award $61,332.00 sought in flat rate monthly contributions for Sanders because Trust Funds' supporting evidence consisted of conclusory statements in the Declaration of Bernardo Ramos. (Order 10.) Finally, Trust Funds requested attorneys' fees in excess of the

Local Rule 55-3 schedule; however, the Court found Trust Funds' billing records deficient for a lodestar analysis and accordingly awarded attorneys' fees pursuant to Local Rule 55-3. (Order 11.)

Trust Funds now move for reconsideration of the Court's Order in part, pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7-18. (Mot. 1–2.) Specifically, Trust Funds ask the Court to reconsider the portions of the Order denying $61,332.00 in damages and awarding attorneys' fees pursuant to Local Rule 55-3. (Mot. 1.)

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may grant relief to a party from a final judgment, order, or proceeding only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; or (6) another reason that justifies relief. Fed. R. Civ. P 60(b). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice . . . ." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted). Under Rule 60(b)(6), the party seeking relief "must demonstrate both injury and circumstance beyond [its] control that prevented [it] from proceeding with the action in a proper fashion." *Id.* (alterations omitted). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court . . . ." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th. Cir. 2004).

Local Rule 7-18 places additional limitations on motions for reconsideration. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18. Grounds for a motion for reconsideration are limited to:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

>       (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>       (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

Displeasure with the outcome alone is insufficient; unless the moving party shows that one of the factors exists, reconsideration is not appropriate. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) ("A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

## IV. DISCUSSION

Trust Funds move for reconsideration on the grounds that the "Court erred in concluding that the statements by [Ramos] were conclusory" and in awarding attorneys' fees based on the Local Rule 55-3 schedule. (Mot. 1.)

To begin, Trust Funds fail to address any of the factors required for reconsideration. They do not demonstrate excusable neglect, newly discovered evidence, or fraud, misrepresentation, or misconduct pursuant to Rule 60(b), nor do they point to any "extraordinary circumstances" that would justify reconsideration. Neither do they provide a material difference in law from that available before the Court's decision, new material facts or a change in law, or a manifest failure by the Court to consider material facts, pursuant to Local Rule 7-18. Instead, Trust Funds merely repeat previously provided facts and evidence to argue the statements in the Ramos Declaration were not conclusory, as the Court found. (*See* Mot. 2–3 (reiterating the contents of the Ramos Declaration and arguing the statements are not conclusory).) However, disagreement with the Court's conclusions does not warrant reconsideration.

*Arteaga*, 733 F. Supp. 2d at 1236. Trust Funds may not "ask the Court to rethink what the Court has already thought through merely because [they] disagree[] with the Court's decision." *In re Benham*, No. CV 13-00205-VBF, 2013 WL 3872185, at *9 (C.D. Cal. May 29, 2013).

Trust Funds also attempt to distinguish the Court's application of *Rubicon Global Ventures, Inc.*, in which the Ninth Circuit vacated a default judgment where damages were based only on the plaintiffs' conclusory declarations. (Mot. 3; Order 9 (citing *Rubicon Glob. Ventures, Inc. v. Chongqing Zongshen Grp. Imp./Exp. Corp.*, No. 3:05-CV-01809-HA, 2013 WL 4498829, at *1 (D. Or. Aug. 20, 2013), *aff'd in part, vacated in part sub nom. Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015)).) However, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) (denying plaintiff's motion for reconsideration based on the argument that the court "improperly applied . . . Ninth Circuit" precedent).

Finally, Trust Funds argue the Court erred by utilizing the schedule at Local Rule 55-3 to determine the fee award instead of conducting a lodestar analysis. (Mot. 4–5.) As an initial matter, just as above, Trust Funds provide no basis for reconsideration under Rule 60(b) or Local Rule 7-18, arguing instead that the Court misapplied the law. Trust Funds are correct that the Ninth Circuit has indicated that, where a party seeks attorneys' fees in excess of the Local Rule 55-3 schedule and "invokes [the lodestar analysis] in the proper way at the proper time," the court must "hear the request and award a reasonable fee," without using the fee schedule as a starting point. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). However, far from disregarding Trust Funds' request, the Court heard the request, analyzed the proffered billing records, and found them inadequate for a lodestar analysis. (*See* Order 10–11 (finding billing records submitted "riddled with administrative tasks and duplicative billing.").) Only after finding Trust Funds' billing

records deficient did the Court resort to the Local Rule 55-3 schedule to determine a reasonable fee award.

Ultimately, Trust Funds fail to address any of the necessary factors for the Court to reconsider its judgment. While Trust Funds may disagree with the Court's ruling, mere disagreement is not grounds for a motion for reconsideration.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Trust Funds' Motion for Reconsideration. (ECF No. 24.)

**IT IS SO ORDERED.**

April 15, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**